IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01007-BNB

RICHARD A. SANCHEZ,

    Plaintiff,

v.

TRANSCOR AMERICA LLC,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Richard A. Sanchez, is a prisoner at the Federal Correctional Institution in Florence, Colorado. Plaintiff, appearing *pro se*, filed a Prisoner Complaint alleging his constitutional rights have been violated. Mr. Sanchez has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Complaint and the action will be dismissed.

In the Complaint, Plaintiff asserts three claims against Defendant, TransCor America, L.L.C., ("Transcor"), pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  TransCor is a for-profit Tennessee corporation engaged in the business of transporting prisoners and detainees throughout the United States.  Mr. Sanchez alleges that on November 12, 2012, he was transferred by TransCor from an institution in Leavenworth, Kansas, to the Federal Correctional Institution in Florence, Colorado.  (ECF No. 1 at 4; ECF No. 5 at 3).  He further alleges that TransCor used a small set of handcuffs and a black box as restraint during the ten to twelve hour trip.  (*Id.*)  He contends that he informed the transport personnel that the handcuffs were too small, applied too tight, and cut off his circulation, but he was ignored.  (*Id.*).  He states that at some point during the trip, transport personnel noticed that Plaintiff's hands were purple and swollen and that after obtaining authorization several hours later, Plaintiff was restrained with new handcuffs. (*Id.*).  Plaintiff alleges that the small handcuffs caused significant injury, including a "displaced" and "disabled" wrist bone, peeling skin, edema, and carpal tunnel syndrome. (*Id.*)  He asserts claims of negligence, cruel and unusual punishment, and physical injury against TransCor and seeks money damages  (ECF No. 5 at 4-6).

Plaintiff names TransCor as the only defendant.  As a corporate entity, TransCor, is not amenable to suit under *Bivens*.  In *Bivens,* the Supreme Court recognized an implied private cause of action for damages against individual federal officers for a violation of certain constitutional rights.  *Bivens,* 403 U.S. at 397.  Specifically, "plaintiffs may sue federal officials in their individual capacities for damages for [constitutional] violations, even in the absence of an express statutory cause of action analogous to 42

U.S.C. § 1983." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). The Supreme Court, however, declined to extend a constitutional tort remedy directly against a federal agency or against a private corporation acting under color of federal law. *See FDIC v. Meyer*, 510 U.S. 471, 472 (1994) (finding no cause of action directly against federal agency under *Bivens*); *Malesko,* 534 U.S. at 61 (finding no cause of action directly against private corporation operating correctional centers and facilities). Reluctant to extend *Bivens* liability "to any new context or new category of defendants," the Supreme Court held that *Bivens* provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law. *Malesko,* 534 U.S. at 68, 70. Accordingly, the only proper defendant in a *Bivens* action is a federal officer or agent, not a private corporation.

Moreover, Mr. Sanchez's attempt to sue employees of TransCor in a federal *Bivens* action also is barred. *See Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005). In *Peoples*, the Tenth Circuit found that there was no implied private right of action for damages under *Bivens* against employees of a corporation for alleged constitutional deprivations when alternative state or federal causes of action for damages were available to the plaintiff. *Peoples,* 422 F.3d at 1103. Accordingly, Plaintiff has not presented a factual basis that establishes a cause of action against TransCor or its employees under *Bivens* or 28 U.S.C. § 1331. State law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence. *See Peoples*, 422 F.3d at 1105.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Sanchez files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

    ORDERED that the Complaint and Action are dismissed without prejudice.  It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Sanchez may file a motion in the Tenth Circuit.

    DATED at Denver, Colorado, this  15th  day of    May   , 2014.

                                BY THE COURT:

                                s/Lewis T. Babcock  
                              LEWIS T. BABCOCK, Senior Judge  
                              United States District Court